THE BOARD OF COMMISSIONERS OF GREENWOOD COUNTY v. THE KANSAS CITY, EMPORIA & SOUTHERN KANSAS RAILWAY COMPANY.

PUBLIC ROAD, *Established Across a Railroad Right-of-way—Cost of Cattle-Guards.* Where a public highway is located and established across a railroad company's right-of-way, the railroad company is entitled to just compensation for all its necessary expenditures in constructing cattle-guards and such other things as are required by the statutes to be constructed by the railroad company by reason of the highway. The case of *K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 Kas. 716, cited and followed.

*Error from Greenwood District Court.*

THE opinion states the case.

*A. M. Hunter*, county attorney, for plaintiff in error.

*Geo. R. Peck*, *A. A. Hurd*, and *Robert Dunlap*, for defendant in error.

Opinion by SIMPSON, C.: This case was tried in the court below on the following agreed statement of facts:

"That the plaintiff is now and for more than two years last past has been a railroad incorporation duly incorporated under the laws of the state of Kansas; that during all of said time it has been the owner of a right-of-way for its railroad across a part of section 31, township 25, range 11 east, in Greenwood county, state of Kansas; that its ownership of the aforesaid right-of-way was created by due and legal condemnation proceedings had by it to condemn a right-of-way through Greenwood county, Kansas, for its railroad, in accordance with the provisions of the laws of the state of Kansas, and that its only interest in the land is that acquired by such condemnation; that during the time aforesaid it has had and maintained a railroad over said right-of-way, which has been in and still is in operation, and that during said time it has been in the actual possession of said right-of-way; that in September, 1885, a road or highway, known as the 'Wackett road,' was duly surveyed and viewed across said right-of-way and railroad in accordance with the provisions of law, and under due and proper proceedings and orders had and made by and before the board of county commissioners of Greenwood county, Kansas; that no notice of any kind or description of the meeting of said viewers, or of the view and survey of said road, was ever served upon the plaintiff or any of its agents, and that the plaintiff had no knowledge of the meeting of said viewers; that no person representing the plaintiff was present at the meeting of said viewers at the time they viewed and surveyed said road, and no claim for damages was presented to them on behalf of said plaintiff; that at the October, 1885, session of the board of county commissioners, the said road was duly and legally laid out and established by due orders, of all of which plaintiff had no knowledge, and that thereupon the said board duly and legally ordered said road to be opened; that the first knowledge plaintiff ever had of the establishing of said road, or of any proceedings for the establishment of the same, was when it was ordered by the township trustee and road overseer to open the same across its right-of-way, and to build and establish a crossing for the same over its railroad, after the same had been ordered opened; that pursuant to such notice by the township trustee and road overseer, the plaintiff built a crossing for said road, over and

across its track and right-of-way, at the necessary expense of $134, as follows:

| | |
|---|---:|
| For one new cattle-guard.................................. | $65 00 |
| For moving old cattle-guard............................... | 30 00 |
| For moving fences to connect cattle-guards with fences..... | 19 00 |
| For two drain boxes....................................... | 20 00 |
| | $134 00 |

"That the viewers in viewing said road did not allow plaintiff any damages, and that within a year after the viewing of said road and its establishment, the plaintiff caused a claim for its damages as herein above stated, to be duly presented to the board of county commissioners of Greenwood county, Kansas, at a regular session, for allowance; that the said board at such session refused to allow said claim in part or in whole, and rejected the same; that thereupon the plaintiff duly appealed from said action to the district court of Greenwood county, Kansas, which said appeal constitutes this case; that if the plaintiff is in law entitled to recover upon the facts stated, it is entitled to recover said sum of $134."

The trial court rendered the following judgment:

"And now on this 5th day of March, of the January term of this court, in 1888, the above cause having been submitted to the court on agreed statement of facts here on file, and written briefs filed by counsel on each side, and duly considered by the court, the court finds for the plaintiff; and it is hereby ordered and adjudged by the court that the plaintiff recover of the defendant in the sum of $134, and the costs of this suit, taxed at $—, to which defendant duly excepted."

All exceptions and a motion for a new trial was overruled, and the cause brought here for review. The two questions discussed on each side are: First. Is a county liable in damages to a railroad company for laying out a public highway across its right-of-way when that is an easement only? Second. Are the damages claimed too remote? This court has decided in a similar case, *K. C. Rld. Co. v. Comm'rs of Jackson Co.*, 45 Kas. 716, that "where a public highway is located and established across a railroad company's right-of-way, the railroad company is entitled to just compensation for all its necessary expenditures in constructing cattle-guards and such other things as are required by the statutes to be constructed by the

railroad company by reason of the highway." An examination of the facts in each case will show that the only material difference in the proceedings in both cases is, that in the one no notice was given to the railroad company either of the petition for or the order of the board locating the highway; and the first knowledge the railroad company had of the proceedings to establish the highway was when the township trustee ordered the railroad company to open the same across its track or right-of-way. In the other case, the railroad was being operated by a lessee, and notice was given to the lessee, but not to the company that owned the railroad. With this difference, the cases are identical, and present the same questions.

Guided by the case cited, it is recommended that the judgment of the district court in favor of the railroad company be affirmed.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring; JOHNSTON, J., dissenting.